NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 04-CV-169-HRW

CHRISTOPHER ELI BLEVINS                                                           PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JOE BURCHETT, JAILER, ET AL.                                                   DEFENDANTS

This matter is before the Court on the *pro se* plaintiff's motion [Record No. 23] for immediate medical treatment.

BACKGROUND

On September 21, 2004, Christopher Eli Blevins, who was then incarcerated in the Boyd County Detention Center ("BCDC") in Catlettsburg, Kentucky, submitted two handwritten pleadings which initiated the instant cause of action. On January 4, 2005, the Court issued an Order characterizing the plaintiff's cause as one claiming deliberate indifference to his serious medical needs, pursuant to 42 U.S.C. §1983, and *inter alia*, ordering the service of summons and the complaint on the jailer and the county. After the defendants filed Answer, upon motion of the plaintiff, on May 25, 2005, the Court [Record No. 8] permitted an amendment to the complaint and directed its service on the named defendants. The time is now running for the defendants' response.

The following day, the Clerk of the Court received the instant motion, labeled "Mandamus" and asking that this Court "issue an immediate mandamus against respondant [sic] and cause plaintiff to be given immediate medical treatment." He claims that his condition has grown steadily

worse and he is receiving permanent irreparable injury. The plaintiff asks that the Court grant medical relief now and resolve the money issue later.

The four factors to be considered before granting a preliminary injunction are: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiffs could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Golden v. Kelsey-Hayes Company*, 73 F.3d 648, 653 (6th Cir. 1996) (citing *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1381 (6th Cir. 1995) (citing *International Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir.), *cert. denied*, 502 U.S. 813 (1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985))).

The Sixth Circuit Court of Appeals has held that while these four factors are not prerequisites which must all be met, they are considerations which should be balanced. *In re DeLorean Motor Company*, 755 F.2d at 1229. "No single factor is determinative but rather, the Court should weigh each of the factors in light of the factual circumstances of the particular case." *Columbia Gas v. Exclusive Natural Gas*, 688 F. Supp. 1245, 1248 (citing *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537-38 (6th Cir. 1978), *cert. granted* 440 U.S. 944 (1979), *cert. dismissed* 442 U.S. 925 (1979).

Considering the factors in relation to the facts in this case, (1) Plaintiff's likelihood of success on the merits is unknown and will depend on discovery, which will soon be begun. At this time, the only defendants are in Boyd County and the plaintiff, moved elsewhere in March of this year, does not appear to have been moved back to Boyle County. Even were any defendant in a position to grant the plaintiff the medical relief he seeks, it is not yet known whether the purported denial of

medical attention thus far is grounded in deliberate indifference, and thus being of constitutional proportions and an appropriate subject for this Court, or if it is merely a difference of opinion between him and his treating physician(s), which is not a cognizable federal claim. *See Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983).

As to factor (2), the plaintiff alleges that irreparable injury will occur with further delay, evidently a very real fear. It is not, however, a medical opinion. The back condition complained of allegedly occurred when an inmate fell on him on March 3, 2004, more than a year ago. The plaintiff provides no medical evidence that further delay during discovery will cause irreparable damage. His medical condition is the heart of the matter herein and will be addressed on the merits in due course. Although the undersigned does not diminish in any way the pain which accompanies back/disc injuries, the Court is reluctant to address medical issues and appropriate specialized treatment on the instant record.

As to factors (3) and (4), the courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78 (1987); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987). No public interests would be served by choosing to interfere, and federal courts should be the forum of last resort.

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)  Plaintiff's motion for mandamus relief [Record No. 23] is **CONSTRUED** as a motion for preliminary injunctive relief and it is **DENIED.**

(2)  This matter is **REFERRED** to Magistrate Judge James Todd, to hear and handle discovery and all other pre-trial management, pursuant to 28 U.S.C. §636(b)(1)(B).

This May 31, 2005.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge